**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMANDA STEEN and | ) | |
| NATHAN STEEN, | ) | |
| on behalf of plaintiffs and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15-cv-11184 |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDALL S. MILLER & | ) | |
| ASSOCIATES, LLC; | ) | |
| RANDALL S. MILLER & | ) | |
| ASSOCIATES, P.C. and | ) | |
| BAYVIEW LOAN SERVICING, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiffs Amanda Steen (formerly LaRocco) and Nathan Steen bring this action to secure redress from unlawful collection practices engaged in by defendants Randall S. Miller & Associates, LLC ("Miller, LLC"), Randall S. Miller & Associates, P.C. ("Miller, P.C.") and Bayview Loan Servicing, LLC ("Bayview"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

    a.      Defendants' collection conduct impacted plaintiffs within this District;

    b.      Each defendant does or transacts business within this District.

### PARTIES

4.      Plaintiffs Amanda Steen (formerly LaRocco) and Nathan Steen are individuals who reside in the Northern District of Illinois, in a single family townhome which they own.

1

5.      Defendant Miller, LLC is a law firm organized as an Illinois limited liability company with principal offices at 120 North LaSalle Street, Suite 1140, Chicago, Illinois 60602.

6.      Miller, LLC uses the mails and telephone system in conducting its business as described above.

7.      Miller, LLC is a debt collector as defined in the FDCPA.

8.      Miller, LLC is held out as the Illinois office of Miller, P.C. (Appendix A) Accordingly, Miller, P.C. is estopped from denying such fact.

9.      Miller, P.C. describes its business to the public as follows: "Randall S. Miller & Associates, P.C., a Michigan-based real estate law firm, focuses its practice on the representations of mortgage lenders, servicers, financial institutions, and private investors. Our services encompass every phase required to take a defaulted loan from cradle to grave, including mortgage foreclosure, all related bankruptcy or litigation issues, evictions, redemptions, loss-mitigation actions including cash-for-deed and cash-for-keys agreements, title clearing matters, closing documents, and the actual closings themselves. Accordingly, our services follow timelines established by Freddie Mac, Fannie Mae, FHA, VA, and private investors, and comply with all applicable fee guidelines." http://www.millerlaw.biz/

10.     Miller, P.C. uses the mails and telephone system in conducting its business as described above.

11.     Miller, P.C.  is a debt collector as defined in the FDCPA.

12.     Miller, P.C. is liable for the acts of its Illinois office, Miller, LLC.

13.     Bayview is a Delaware limited liability company with principal offices at 4425 Ponce De Leon Boulevard, 5th Floor, Coral Gables, Florida 33146.

14.      Defendant Bayview is engaged in the business of servicing residential mortgage loans. It has a portfolio of more than $1 million in such loans.

15.      Many of the loans which Bayview Loan Servicing, LLC services are delinquent at the time Bayview Loan Servicing, LLC first becomes involved with them.

16.     Bayview Loans Servicing, LLC holds itself out as "special servicer," i.e., a servicer with expertise in handling delinquent loans and effectively integrating them into its servicing platform.

17.     Bayview has sought out ratings from Fitch and other rating agencies as a special servicer.

18.     Bayview Loan Servicing, LLC uses the mails and telephone system in conducting its business.

## FACTS

19.     Defendants have been attempting to collect from plaintiffs an alleged residential mortgage loan debt incurred for personal, family or household purposes (housing). Both plaintiffs signed the mortgage. Only plaintiff Nathan Steen signed the note.

20.     The loan is an FHA insured loan.

21.     The loan was originated in 2009.

22.     Plaintiffs encountered financial hardship and fell behind on loan payments.

23.     Bayview claims to have acquired the loan in 2014.

24.     Bayview alleged or treated plaintiffs' loan to be delinquent at the time of the transfer.

25.     On or about October 5, 2015, defendant Miller, LLC, on behalf of Bayview, filed an amended complaint in a foreclosure action against plaintiffs in DuPage County, Illinois. (Appendix B) The amended complaint alleges the loan was in default since 2012.

26.     The Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1504, provides a form for foreclosure complaints.

27.     The statutory form includes a paragraph for "Names of defendants claimed to be personally liable for deficiency, if any:"

28.     In the foreclosure action against plaintiffs, the foreclosure complaint form was filled in to state: "Names of defendants claimed to be personally liable for deficiency, if any:

3

Nathan Steen. [¶] Please note that no personal deficiency will be sought against any party who has received a Chapter 7 discharge or who are personally protected by the automatic stay at the sale confirmation."

29.     The Foreclosure Law further provides, 735 ILCS 5/15-1504(f), that such a paragraph in the foreclosure complaint form shall be deemed and construed to be an allegation as follows: "Request for Deficiency Judgment. A request for a personal judgment for a deficiency in a foreclosure complaint if the sale of the mortgaged real estate fails to produce a sufficient amount to pay the amount found due, the plaintiff may have a personal judgment against any party in the foreclosure indicated as being personally liable therefor and the enforcement thereof be had as provided by law."

30.     The statutory complaint form does not require or encourage representing that a deficiency will be sought if a deficiency will not be sought or is not legally available. *Palatine Sav. and Loan Ass'n v. National Bank & Trust Co. of Sycamore*, 80 Ill.App.3d 437, 399 N.E.2d 1015 (2d Dist. 1980).

31.     In fact, the FHA narrowly limits the circumstances under which a deficiency will be sought to cases where the borrower committed fraud or engaged in a "strategic" default.  The FHA does not authorize deficiencies where, as in the case of the plaintiffs, there was a financial emergency or hardship.

32.     Pertinent FHA/ HUD policy statements are attached as <u>Appendices C-D</u>.

33.     During the last three years, the number of instances in which FHA/ HUD has found that pursuit of a personal deficiency judgment against an Illinois homeowner is appropriate under its policies is zero (0).

34.     A letter of October 28, 2015 from FHA/ HUD (<u>Appendix E</u>) states:

> There have been zero foreclosed FHA loans in Illinois in which the pursuit of a deficiency judgment was authorized.  FHA is not currently pursuing deficiency judgments.  HUD published its Final Rule on deficiency judgments in the Federal Register on February 16, 1988, (at 53 FR 4384).  The Rule, which appears in the Code of Federal Regulations at 24 CFR 203.369, went into effect March 28, 1988.  Mortgage Letter 2008-43, issued December 24, 2008, reminded Mortgagees that if a foreclosure

4

occurs after the mortgagor unsuccessfully participated in the Pre-Foreclosure Sale process in good faith, neither the mortgagee nor HUD will pursue the mortgagor for a deficiency judgment. Mortgagee Letter 2014-24, issued November 26, 2014, discussed the use of FHA's Claims without Conveyance of Title (CWCOT) procedures.

> After weighing the significant anticipated costs and limited potential benefits, the Department has determined it is not the best interests of FHA to routinely seek deficiency judgments in connection with CWCOT claims. Therefore, FHA is not requesting that the mortgagees pursue any deficiency judgments in connection with CWCOT claims, unless FHA makes a special request pursuant to 24 CFR 203.369. . . .

35. Defendant, which regularly enforces FHA mortgage loans, knows or should know that there is essentially zero likelihood that a personal deficiency will be authorized to be sought on an FHA loan.

36. The statutory complaint form may be, and commonly is, filled out to state that a deficiency will not be sought (e.g., if the transaction is non-recourse, such as a reverse mortgage, or if the homeowner has discharged the debt in bankruptcy) or that a deficiency will be sought only in specified circumstances, as appropriate. (Appendix B)

37. By representing that a deficiency judgment will be sought if the sale of the property does not satisfy the debt, when it is virtually certain under FHA regulations and policies that no deficiency will be authorized to be sought on an FHA loan, defendant:

  a. Falsely represents the character, amount and legal status of the debt,

  b. Represents that nonpayment of the debt will result in personal liability when such action is not lawful and intended to be taken,

  c. Threatens to take action that cannot legally be taken or that is not intended to be taken,

  d. Uses false representation or deceptive means to collect or attempt to collect any debt, and

  e. Threatens collection of amounts in contravention of law.

38. Defendant also fails to state material facts necessary to avoid misleading the consumer.

39. The misrepresentation/omission is highly material because a homeowner:

5

     a.     May file bankruptcy or take other action to resolve feared personal liability in the belief that a personal deficiency may be sought when this is not the case,

     b.     Is at a disadvantage in negotiating with defendant if he or she believes that a personal deficiency may be sought when this is not the case, and

     c.     Will not provide information to FHA as to why a deficiency is inappropriate.

40.     Many homeowners facing foreclosure are unrepresented and will take the threat of a deficiency at face value.

41.     Additionally, the homeowner has the right to provide exculpatory information in the rare event that FHA believes a deficiency should be pursued.

## COUNT I – FDCPA

42.     Plaintiffs incorporate paragraphs 1-41.

43.     Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f(1) through the representations and omissions described above.  Requesting amounts prohibited by law violates the FDCPA.  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011) (debt collector violated FDCPA by requesting attorney's fees in its state court collection complaint without an agreement or statute authorizing it to do so); *Foster v. DBS Collection Agency*, 463 F.Supp.2d 783, 802 (S.D.Ohio 2006) (holding debt collector violated 15 U.S.C. § 1692(e)(2)(B) by seeking attorney fees not allowed by Ohio law); *Strange v. Wexler*, 796 F.Supp. 1117, 1118 (N.D.Ill.1992) (filing complaint requesting attorney fees not allowed by law violates 15 U.S.C. § 1692(e)(2)(B)).

44.     Section 1692e provides:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

6

**(2) The false representation of--**

    **(A) the character, amount, or legal status of any debt; . . .**

**(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

45.    Section 1692f provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

## CLASS ALLEGATIONS

46.    This action is brought on behalf of two classes, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

47.    Class A consists of (a) all persons (b) against whom a complaint (original or amended) was filed by defendant Miller, P.C. (through Miller, LLC or any other office) to foreclose a residential mortgage (c) insured by the FHA (d) on a one or two family property (including condominiums and cooperatives) (e) where the complaint was filed or served during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action and (f) the complaint stated that a homeowner was liable for a deficiency.

48.    Class B consists of (a) all persons (b) against whom a complaint (original or amended) was filed by defendant Bayview to foreclose a residential mortgage (through any counsel) (c) insured by the FHA (d) on a one or two family property (including condominiums and cooperatives) (e) where the complaint was filed or served during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action and (f) the

7

complaint stated that a homeowner was liable for a deficiency.

49.     Each class is so numerous that joinder of all members is impracticable. There are more than 50 members of each class.

50.     There are questions of law and fact common to each class, which questions predominate over any questions affecting only individual class members. The predominant common questions are:

  a.     What FHA's practices are with respect to authorizing a deficiency judgment;

  b.     Whether defendants misrepresent that practice;

  c.     Whether defendants fails to disclose material information about the likelihood of a deficiency.

51.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal and factual issues.

52.     Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of consumer credit claims and class actions.

53.     A class action is superior for the fair and efficient prosecution of this litigation, in that:

  a.     Individual litigation is not economically feasible.

  b.     Classwide liability is essential to cause defendant to stop its improper conduct.

  c.     Many class members may be unaware that they have been victims of illegal conduct.

  d.     Class actions were intended by Congress as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiffs request that the Court enter judgment in plaintiffs' favor and in favor of the class and against defendants for:

     i.      Statutory damages;

     ii.     Attorney's fees, litigation expenses and costs of suit;

     iii.    Such other or further relief as is appropriate.


<u>s/Daniel A. Edelman</u>

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com


Christopher Kruger
Werner Gruber
KRUGER & GRUBER, LLP
**500 N. Michigan Ave. Suite 600**
**Chicago, Illinois 60611**
**(773) 663-4949**
**(312) 268-7064 (FAX)**
**Email: chris@krugerandgruber.com**
http://www.krugerandgruber.com


T:\32031\Pleading\Complaint MAA_Pleading.wpd

9

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman

11